UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL EVERETT BROCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:13-cv-01577-DML-TWP |
| | ) |
| MARK CASTEEL in his official capacity | ) |
| as Sheriff, Montgomery County, Indiana, | ) |
| JOSEPH BUSER in his official capacity | ) |
| as Prosecutor of Montgomery County, | ) |
| Indiana, and | ) |
| BOARD OF COMMISSIONERS OF | ) |
| MONTGOMERY COUNTY INDIANA, | ) |
| | ) |
| Defendants. | ) |

## Order on Motion to Dismiss Filed by Prosecutor Joseph Buser

Two motions to dismiss pend before the court. This order addresses the motion by Prosecutor Joseph Buser. (Dkt. 10). A separate entry addresses a motion to dismiss by the other two defendants. As discussed below, the motion by Prosecutor Buser in GRANTED.

Plaintiff Paul Everett Brock has sued Joseph Buser, in his official capacity as the Prosecutor of Montgomery County, for liability arising out of Mr. Brock's jailing for seven days on a flawed arrest warrant before he was afforded a hearing before a neutral judge, who promptly released him. Mr. Brock alleges that he was wrongfully arrested, held, and imprisoned in violation of his constitutional rights. He seeks relief under 42 U.S.C. § 1983, which provides a civil damages remedy

against persons who under color of law deprive the plaintiff of his constitutional rights.

Prosecutor Buser advances several reasons why Mr. Brock's complaint fails to state a claim against him under Section 1983 on which relief may be granted. The court finds it necessary to address only one: that because the prosecutor is a state official, he is not a "person" subject to liability under Section 1983. Prosecutor Buser maintains that: (a) the county prosecutor in Indiana is a state official; (b) a suit against a state official in his official capacity is a suit against the state itself; and (c) a state is not a "person" which is subject to liability under Section 1983. *Bibbs v. Newman,* 997 F. Supp. 1174, 1178 (S.D. Ind. 1998) ("A prosecuting attorney in Indiana clearly acts as a state official when prosecuting criminal cases."); *Study v. United States,* 782 F. Supp. 1293, 1297 (S.D. Ind. 1991) (a suit against an Indiana prosecutor in his official capacity is equivalent to a suit against the State of Indiana); *Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989) (states, state agencies, and state officials sued in their official capacities are not "persons" within the meaning of Section 1983; *Kentucky v. Graham,* 473 U.S. 159, 169-70 (1985) (damages suits against state officials in their official capacities are treated as suits against the state). Mr. Brock has no answer to these contentions.

This fatal flaw in Mr. Brock's Section 1983 claim against Prosecutor Buser requires the court to GRANT the motion to dismiss. It is not necessary for the court also to evaluate the insufficiency of the claims against Prosecutor Buser based on

the related ground of Eleventh Amendment immunity or based on prosecutorial immunity.

## Conclusion

For the foregoing reasons, the motion to dismiss by Prosecutor Joseph Buser is GRANTED. (Dkt. 10). The claims against him are DISMISSED.

So ORDERED.

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Date: 04/11/2014

**Distribution:**

**All ECF-registered counsel of record via email generated by the court's ECF system**